UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MIGUEL SIRAHUEN CRUZ RUIZ,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No.  2:26-cv-01832-TMC

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

## I.    INTRODUCTION AND BACKGROUND

Petitioner Miguel Sirahuen Cruz Ruiz entered the United States approximately a dozen times between 2003 and 2015 without inspection, was apprehended by Department of Homeland Security ("DHS") officials, and either voluntarily returned or was removed to Mexico. Dkt. 8 ¶¶ 4–20. On May 20, 2026, he was again apprehended in Seattle and was transported to the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington. *Id*. ¶ 22. Petitioner has remained detained since that date and has not received a bond hearing to determine if he can be released. Dkt. 1 ¶ 34; Dkt. 8 at 4. On May 20, 2026, DHS officials reinstated Petitioner's prior order of removal from 2013. Dkt. 6 at 1; Dkt. 7-4 at 2. Petitioner, meanwhile, sought withholding of removal based on a fear of returning to Mexico. Dkt. 8 ¶ 23.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 1

On May 28, Petitioner filed this petition for writ of habeas corpus, arguing that his mandatory detention violates the Immigration and Nationality Act ("INA") because he is entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 23–27, 38. On June 11, Respondents filed a return to the habeas petition, countering that Petitioner is lawfully detained under 8 U.S.C. § 1231(a) because he is subject to a final order of removal. Dkt. 6 at 2. On June 16, Petitioner filed a traverse, arguing for the first time that even if the basis for Petitioner's detention is § 1231(a), "the Government may [not] abruptly deprive a person of liberty after years of residence in the community without providing any meaningful process to justify that deprivation." Dkt. 9 at 2. On June 23, Respondents filed an exhibit showing that on June 16, an Immigration Judge ("IJ") found that Petitioner had failed to establish a reasonable possibility that he would be persecuted if deported to Mexico. Dkt. 10-1 at 2. The habeas petition is now ready for the Court's review. For the reasons set forth below, the Court DENIES the petition for writ of habeas corpus.

## II.   LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.   DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 2

under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

In his petition, Petitioner argues that like the petitioners in *Rodriguez Vazquez*, his detention is under § 1226(a) and he is therefore entitled to a bond hearing before an IJ. Dkt. 1 ¶¶ 5–12. As Petitioner puts it: "This case challenges only Respondents' refusal to provide a lawful custody hearing before a neutral decisionmaker." Dkt. 1 ¶ 9. Respondents counter that Petitioner does not meet the criteria to be a member of the *Rodriguez Vazquez* class and is therefore not eligible for a bond hearing because his reinstated order of removal mandates his detention under 8 U.S.C. § 1231(a).  Dkt. 6 at 2–3. Respondents further argue that Petitioner's sole remaining avenue of relief from removal was resolved against him by the IJ's decision on June 16 concluding that Petitioner had failed to establish a reasonable possibility that he would be persecuted if deported to Mexico. Dkt. 10-1 at 2.

The Court agrees with Respondents. Section 1231(a)(5) provides as follows:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, *the prior order of removal is reinstated from its original date* and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5) (emphasis added).

As the Ninth Circuit has explained, "1231(a) provides for mandatory detention during a ninety-day removal period . . . and discretionary detention beyond the removal period in certain circumstances." *Padilla-Ramirez v. Bible*, 882 F.3d 826, 829 (9th Cir. 2017) (citation modified). Although the *Padilla* court cautioned that a reinstated order of removal cannot be executed during the pendency of reasonable fear or withholding-only proceedings, it concluded that did not change the finality of the order or the basis for detention under § 1231(a). *See id.* at 832.

Petitioner cites no authority for his assertion that Due Process compels a bond hearing under these circumstances, *see* Dkt. 9 at 11–14, nor is the Court aware of any such authority.[1] If Petitioner's detention becomes prolonged, he may seek relief through another habeas petition. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Because Petitioner has not shown that his detention is unlawful, he is not entitled to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 1) is DENIED.

Dated this 6th day of July, 2026.

Tiffany M. Cartwright
United States District Judge

---

[1] To the extent that Petitioner asserts that "Respondents repeatedly point to Petitioner's immigration history and a prior DUI-related offense," and attempts to mitigate those facts, the Court is perplexed. Petitioner's immigration record is well established but nowhere in the briefs filed by Respondents is there any mention of a DUI-related offense. In fact, the I-213 form provided by Respondents states that Petitioner has no criminal history. Dkt. 7-1 at 4.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 4